QUESTION: Must the procedure established by s. 166.041, F. S. (1976 Supp.), for the adoption of municipal ordinances which rezone private real property be followed when property is being rezoned solely upon the application of the property owner?
SUMMARY: The procedure established by s. 166.041, F. S. (1976 Supp.), for the adoption of municipal ordinances which rezone private real property must be followed when property is being rezoned solely upon the application of the property owner. Section166.041, F. S., was amended by Ch. 76-155, Laws of Florida (which also amended ss. 125.66 and 163.3181, F. S.), to establish a procedure for the adoption of municipal ordinances which rezone private real property. Section 166.041(3)(d) provides in part as follows: (d) Enactment of ordinances which rezone private real property shall be enacted pursuant to the following procedure: 1. In cases in which the proposed rezoning involves less than 5 percent of the total land area of the municipality, the governing body shall direct the clerk of the governing body to notify by mail each real property owner whose land the municipality will rezone by enactment of the ordinance and whose address is known by reference to the latest ad valorem tax records. The notice shall state the substance of the proposed ordinance as it affects that property owner and shall set a time and place for one or more public hearings on such ordinance. Such notice shall be given at least 30 days prior to the date set for the public hearing, and a copy of such notice shall be kept in a separate book which shall be open to public inspection during the regular business hours of the office of the clerk of the governing body. The governing body shall hold a public hearing on the proposed ordinance not more than 60 days or less than 30 days prior to the date set for adoption of the ordinance. (Emphasis supplied.) There is no exception provided in the foregoing provision or in any other provision of s. 166.041, F. S. (1976 Supp.), that would make the procedure established thereby inapplicable when a municipal ordinance rezoning private real property is adopted solely upon the application of the person whose property is being rezoned. (Such an exception was included in some of the original house bills on the subject, see HB's 35 and 37, but was deleted in the final, substituted version.) Thus, in accordance with the fundamental rule of statutory construction that a statute must be given its plain and unambiguous meaning without interpretation, see State v. Egan, 287 So.2d 1, 4 (Fla. 1973), I am of the opinion that the procedure established by s. 166.041, F. S. (1976 Supp.), for the adoption of municipal ordinances which rezone private real property must be followed even when property is being rezoned solely upon the application of the private property owner. See also Alsop v. Pierce, 19 So.2d 805, 806 (Fla. 1944), for the proposition that when the controlling law directs how a thing shall be done, that is, in effect, a prohibition against its being done in any other way. This conclusion seems consistent with the apparent legislative intent in enacting Ch. 76-155, Laws of Florida, i.e., increasing the opportunity of the general public to consider and make its views known regarding proposed rezonings of private real property. Your question is answered in the affirmative.